January 7, 2015

Court of Criminal Appeals
of Texas
P.O. Box 12308
Capital Station
Austin, Texas 78711

This document contains some
pages that are of poor quality
at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 09 2015

Abel Acosta, Clerk

RE: Tr. Ct. No. F08-60213, F10-01183; WR-77,138-23

Dear Judges of the Court of Criminal Appeals,

In regards to the writ of Mandamus that was received this Court on 12/11/2014, I have attached a copy of the Petition for Bill of Review that I filed in Dallas County on October 18, 2014. Not once has Dallas County District Clerk responded back to this Petition. I also filed a Petition for Court of Inquiry on Oct. 29, 2014, and Dallas County still has not responded to that Petition. After I filed the Petition for Court of Inquiry with Brazoria County, located in Angleton, Texas, they quickly responded. They charged me $267.00, and returned the petition back to me, and advised me that it was supposed to be filed with the Dallas County District Clerk.

I just can't believe that this Court of Criminal Appeals is co-signing and supporting these illegal convictions. I have provided proof of fraud, perjury, falsified documents, and tampered with records that were done by and through officials from Dallas County Courts & Dallas Police Department. Even the Texas Department of Public Safety of Austin, Texas is guilty of fraud, perjury, and falsifying documents due to the fact that the Criminal History Record for cause Nos. F10-01183 & F10-01184 shows that; the Arrest Date, the Verdict Date, the Sentence Date is 12/17/2010; And that the filing agency is the Dallas County Sheriff's office. However, the Judicial Information document for these tainted sex cases shows that the filing agency is Dallas Police Department. My family is contacting every Talk Show, media organization, and every newspaper editor all over this Country, and will provide them with all the information needed to show how Texas illegally convicted me for two sex crimes that I was never arrested for, never arraigned for, and that I never once ever committed! I will inform them that the Court of Criminal Appeals continues to deny everything that I file, even after I show ~~them~~ you proof. Its only because I am a BLACK MAN!

Sincerely,
[signature]

EX PARTE

SENRICK WILKERSON J

RECEIVED
OCT 3 0 2014
OFFICE OF THE CLERK
SUPREME COURT, U.S.

## PETITION FOR BILL OF REVIEW

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Senrick Wilkerson, the Petitioner in the above and numbered styled cause and files this Petition for Bill of Review and in support of such will show the following:

### I.

"Bill of review" is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal.

### II.

Petitioner's meritorious defense to the cause of action alleged to support the judgment is simply as follows: Under penalty of perjury, Petitioner was never once arrested, never taken before a magistrate Judge, never given an opportunity to post bail, never informed of any rights to an examining trial, never read any Miranda Rights, never arraigned, and never presented before any magistrate for a first initial appearance, as is required by Texas law. See ART. 15.17 Code CRIM. PROC., for both cases above.

Petitioner was prevented from being prejudiced against due to the fraud and wrongful actions by the prosecution and the ineffective trial counsel. On November 22, 2010, Dallas Police Department filed both cases above and on Nov. 24, 2010, prosecutor Brooke B. Grona-Robb filed those indictments. Trial counsel Calvin D. Johnson never once informed Petitioner of such indictments, and on Nov. 29, 2010 the State issued the capias arrest warrants but failed to exercise due diligence in arresting Petitioner, despite the fact that his home address is on each warrant and he made no efforts to flee, after defense counsel advised Petitioner to run and hide. Then, without never being arrested, detained, or in any custody, defense counsel tricked Petitioner into signing some invalid personal recognized bonds on December 3, 2010,

...at were pre-signed by Judge Gracie G. Lewis, by stating that it would remove those arrest warrants. However, the Dallas County AIS bond detailed information shows that Petitioner posted personal recognizance bonds on 2/24/2011, for cause Nos. F10-01183 & F10-01184. Also, the Dallas County Sheriff's bail bond section is showing some made-up "PR" bond receipts on both cases above, with a posted date as 2/24/2011. Again, it must be repeated under penalty of perjury that Petitioner was never once arrested and never once arraigned for both cases, but the State is showing three (3) different tainted arrest dates. These convictions were procured by fraud.

The illegal convictions on cause Nos. F10-01183 & F10-01184 are of no fault and negligence of Petitioner. On September 7, 2008, Petitioner was arrested and falsely accused of compelling prostitution F08-60213. On Sept. 8, 2008 Petitioner was released on bail, and then hired defense counsel Calvin D. Johnson. Petitioner was totally ignorant to the law, and therefore, Mr. Johnson made back-door deals with the prosecution in order to violate Petitioner's due process of law rights, his civil rights, and his constitutional rights by forcing Petitioner into trial for cause Nos. F10-01183 & F10-01184, while knowing that Petitioner was never once arrested and never once arraigned for both cases of cause Nos. F10-01183 & F10-01184. See Caldwell V. Barnes, 975 S.W. 2d, (159 S.W. 3d 106; 154 S.W. 3d 93); Hanks V. Rosser, 378 S.W. 2d 31, 34-35 (Tex. 1964); and Alexander V. Hagedorn, 148 Tex. 565, 226 S.W. 2d 996, 998 (1950).

## III.

Petitioner has filed the following for cause Nos. F10-01183 and F10-01184:

1. Direct Appeal
2. Petition for Discretionary Review
3. 11.07 Writ of Habeas Corpus
4. Writ of Mandamus
5. Summary Judgments
6. Chapter 64 Motion for DNA Testing

therefore, Petitioner has exercised due diligence in pursuing all adequate legal remedies.

## IV.

An "official mistake" supporting a bill of review occurs when a court official commits error in the discharge of his official duties, and that error prevents the complainant from presenting his defense in the former action or from challenging the judgment by post-judgment actions or appeal. See McRoberts v. Ryals, 861 S.W. 2d 253; (863 S.W. 2d 450.—Judgm. 335(1)). Petitioner can provide proof of fraud, perjury, and tampering with government documents that was executed by the State and its court officials, See Exhibit A.

Petitioner's defense was not barred as matter of law and he is entitled to judgment on retrial if no evidence to contrary is offered. Also, Petitioner has provided quantum of evidence that is necessary to support a rational inference that these allegation of fact is true. See In re Christus Health Southeast Texas, 167 S.W. 3d 596. Relief must be granted.

WHEREFORE, PREMISES CONSIDERD, the Petitioner prays that this Petition for Bill of Review is granted.

Respectfully submitted,

SENRICK WILKERSON[PRO SE]
TDCJ NO. 1885146
Ramsey I Unit
1100 FM 655 SE-1-87
Rosharon, TX 77583

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2014, that the foregoing document has been U.S. mail to: Gary Fitzsimmons District Clerk, Frank Crowley Court Building, 133 N. Riverfront Blvd., LB12, Dallas, Texas 75207 & Supreme Court of the United States, office of the clerk, Washington DC 20543.

SENRICK WILKERSON

Page 3 of 3

# FRUDULENT DOCUMENTS

## FROM CAUSE NOS. F10-01183 & F10-01184

1) The invalid PR bond signed on 12/3/2010.

2) Letter from Lamonica Littles.

3) The Capias arrest warrant, that was dismissed on Nov. 29, 2010, but shows an arrest date as Dec. 23, 2010.

4) The Judicial Information that shows arrest date as 12/17/2010.

5) See case No. 3:11-CV-0659-B, page ID 53, where a U.S. District Court magistrate judge stated Petitioner was arrested in September of 2010.

6) The AIS PR bonds that show posted on 2/24/2011.

7) The "PR" bond receipts that show posted on 2/24/2011.

8) The trial docket sheet that shows no proceedings documented.

9) A letter from Dallas Police detective Michael B. McMurray, that admits that Petitioner was not arrested, and never arraigned.

EXHIBIT
A

EX PARTE

SENRICK WILKERSON

IN THE CRIMINAL DISTRICT
COURT NO. 3
DALLAS COUNTY, TEXAS

PETITION FOR 'MANDATORY RECORD' FROM
CAUSE NOS. F10-01183 & F10-01184

TO THE JUDGE OF SAID COURT:

COMES NOW, Senrick Wilkerson, the Petitioner in the above and number styled causes and files this Petition for 'Mandatory Record' from cause Nos. F10-01183 & F10-01184, and in support of such petition will show the following:

1. The 'Mandatory Record' can be obtained free of charge by an indigent defendant. A writ of error may also be prosecuted on a 'mandatory record' kept by the clerk, consisting of the indictment, arraignment, plea, verdict and sentence. In such instances review is limited to errors such as erroneous ruling on the admission of evidence. See People V. Loftus, 400 Ill. 432, 81 N.E. 2d 495 & Cullen V. Stevens, 389 Ill. 35, 58 N.E. 2d 456.

2. Petitioner is requesting, under the 'Mandatory Record', that this Court to immediately forward him a copy of the following documents from cause Nos. F10-01183 & F10-01184; The Arraignment Sheets, the first preliminary initial appearance sheets, the book-in sheets, documents showing a plea offer, dates of the arraignments kept by the clerk, the 'complaint' statements, the probable cause statements, the sworn arrest affidavits, the DPS Arrest Records, and a copy of the original bond receipts and their original location.

3. Since Dallas County District Clerk continues to ignore Petitioner's motions, writs & petitions, A copy of this 'Mandatory Record' request shall be forwarded to the Court of Criminal Appeals in Austin, Texas, for proof of services mailed.

4. The Petitioner Senrick Wilkerson is totally indigent, and is entitled to a free copy of the 'Mandatory Records' requested. See Exhibit A, which is the affidavit of indigency, which is attached to this petition.

Respectfully submitted,

SENRICK WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-177
Rosharon, TX 77583

CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2015, the foregoing Petition has

Page 1 of 2

been U.S. mailed to: Gary Fitzsimmons District Clerk, 133 N. Riverfront Blvd. LB 12, Dallas, TX 75207 & Court of Criminal Appeals, P.O. Box 12308, Capitol Station, Austin, Texas 78711.

SENRICK WILKERSON

## ORDER

The above Petition is hereby: (GRANTED) (OVERRULED)

_____
JUDGE

## AFFIDAVIT OF INDIGENCY

"I am the affiant in this matter and am currently confined in the Ramsey I Unit. I do not have the financial resources necessary to pay the required fees, costs, or bonds associated with this matter.

I have no current source of income and have no financial reserves in the form of bank accounts, savings accounts, certificates of deposit, or any other financial instruments that I can draw upon to obtain the required funds in this matter. I certify that I am wholly without the financial resources to pay the monies required in this matter.

I, Senrick Wilkerson, TDCJ No. 1885146, being presently illegally incarcerated in Ramsey I Unit in Rosharon, Texas, declare under penalty of perjury that the foregoing is true and correct."

SENRICK WILKERSON

EXHIBIT
A

Page 2 of 2

EX PARTE

SENRICK WILKERSON

IN THE COURT OF APPEALS
FIFTH DISTRICT OF
DALLAS, TEXAS

## MOTION TO VACATE THE JUDGEMENT

TO THE JUSTICES OF SAID COURT:

COMES NOW, Senrick Wilkerson, the Defendant pro se in the above and numbered styled causes and files this motion to vacate the Judgement and in support will show the following:

### I.

On 12/17/2010, Defendant was illegally convicted and sentenced to prison for cause NOS. F10-01183 & F10-01184, where Defendant was never once arrested, never once arraigned, and never once participated in any first preliminary initial appearances for both sex offenses, as is required by Texas law. See Art. 15.17 Code Crim. Proc. Defendant was also convicted and sentenced to prison on 12/17/2010, for cause NO. F08-60213 as he was tried for all three offenses at once. Also, on 12/17/2010, defense counsel Calvin D. Johnson signed and filed a Motion for New Trial, and on January 5, 2011, that motion for New Trial was GRANTED. (See Clerk's record No. 64). On February 11, 2011, appeals attorney Lori Ordiway was retained by Defendant's family, and both counsels intentionally and purposely failed to inform Defendant that a New Trial was GRANTED on January 5, 2011, when the client establish the objectives to be reached through representation Model R. Prof'l Conduct, R. 1.2(a)(2003), and have the decision making authority regarding the representation, see Model Code Prof'l Responsibility EC 7-7(1980).

In any event, had either of the counsels that were hired for the defense and the appeals, the Defendant would have gone back to trial and hired an effective defense attorney.

### II.

Again, on 12/17/2010, a motion for new trial was filed for both cases above, and then GRANTED on January 5, 2011. The Clerk's record will show such motion as No. 64 As per Vernon's Ann. Texas Rules Civ. Proc., Rule 329 b, once a new trial is granted, the trial court has exclusive jurisdiction in case. See Gates V. Dow Chemical Co., 777 S.W. 2d 120 & Gates V. Dow Chemical Co., 783 S.W. 2d 589. Order granting motion for new trial must be in writing and signed by judge. See Jaurequi Partners, Ltd. Grubb & Ellis Commercial Real Estate Services, 960 S.W. 2d 334. As per the Clerk's Record that was filed in Jake or wheres with the Court of Appeals has a copy of the GRANTED motion for new trial, and it is signed by defense counsel Calvin D. Johnson, and a Judge.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that this Court will GRANT this Motion for to Vacate the Judgment, and ORDER the District Court to 'Bench Warrant' Defendant back to Dallas County where he can post bail, due to the fact that the Motion for New Trial was GRANTED for all three(3) cases above on January 5, 2011, and the State and its court officials knowingly and intentionally purposely failed to inform the Defendant that a New Trial was GRANTED on January 5, 2011.

Respectfully submitted,

SENRICK WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-177
Rosharon, Texas 77583

CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2015, the Motion for to Vacate the Judgment has been U.S. mailed to: Court of Appeals, Fifth District of Dallas Texas, 600 Commerce Street, suite 200, Dallas, Texas 75202.

SENRICK WILKERSON

EX PARTE

SENRICK WILKERSON

IN THE FIFTH COURT
OF APPEALS
DALLAS COUNTY, TEXAS

## PETITION FOR BILL OF EXCEPTIONS

TO THE JUSTICES OF THE COURT:

COMES Now, Senrick Wilkerson, the Petitioner in the above and numbered styled cause and files this Petition for Bill of Exceptions and in support of such will show the following:

### I.

This court has jurisdiction over both offenses of sexual performance CH F10-01183 & sexual assault CH F10-01184.

### II.

'A complete bill of exceptions consist of all proceedings in the case from the time of the convening of the court until the termination of the trial. It includes all of the motions and rulings of the trial court, evidence heard, instructions and other matters which do not come within the clerk's 'mandatory records'. See People ex rel. Iasello V. McKinlay, 409 Ill.120, 124-125, 98 N.E. 2d 728, 730.

On November 22, 2010, Dallas Police Department filed sexual performance CH F10-01183 & sexual assault CH F10-01184, and prosecutor Brooke B. Grona-Robb filed the indictments on Nov. 24, 2010. On Nov. 29, 2010, the State issued the capias arrest warrants without no probable cause, no sworn affidavits, no arrest affidavits, and no signature from a magistrate judge. Under penalty of perjury, Petitioner was never once arrested and never once arraigned for cause Nos. F10-01183 & F10-01184.

In any event trial began on 12/14/2010 for both offenses above and Petitioner never had any first initial court appearances, as is required by Texas law. See Art. 15.17 Code CRIM. PROC. Therefore, Petitioner never once stood before any magistrate and he was never given any bond amounts for both sex offenses.

### III.

Petitioner is requesting that this Court to ORDER Dallas County District Clerk to forward to Petitioner the following documents for cause Nos. F10-01183 & F10-01184:

a) All motions filed by defense counsel Calvin D. Johnson,

b) The pretrial motion;

c) The motion for DISCOVERY,

d) The pass slips,

e) The trial docket sheets,

f) All Plea offers, and

g) The documents that shows where defense counsel Calvin D. Johnson had apparently signed to waive Petitioner's arraignments.

WHEREFORE, PREMISES CONSIDERED, the Petitioner prays that this petition for Bill of Exceptions is granted.

Respectfully submitted,

SENRICK WILKERSON [PRO SE]
TDCJ NO. 1885146
Ramsey I Unit
1100 FM 655 SE-1-BT
Rosharon, TX 77583

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2014, the foregoing document has been U.S. mailed to: Fifth Court of Appeal, 600 Commerce St., suite 200, Dallas, Texas 75202 & Supreme Court of the United States, office of the clerk, Washington, DC 20543.

SENRICK WILKERSON

EX PARTE

SENRICK WILKERSON

IN THE FIFTH COURT
OF APPEALS
DALLAS COUNTY, TEXAS

## PETITION FOR WRIT OF ERROR

TO THE JUSTICES OF THE COURT:

COMES NOW, Senrick Wilkerson, the Petitioner in the above and numbered styled cause and files this Petition for Writ of Error and in support of such will show the following:

1) This court has jurisdiction over both offenses; Sexual performance CH F10-01183 & Sexual assault CH F10-01184

2) Ill. Rev. Stat., 1953, C.110, § 259. 70A (Supreme Court Rule 70A) now Ill. Rev. Stat., 1995, C.110, § 101.65 (Supreme Court Rule 65). A writ of error may also be prosecuted on a 'mandatory record' kept by the clerk, consisting of the indictment, arraignment, plea, verdict and sentence. The 'mandatory record' can be obtained free of charge by an indigent defendant. In such instances review is limited to errors such as erroneous ruling on the admission of evidence. See People V. Loftus, 400 Ill. 432, 81 N.E. 2d 495 & Cullen V. Stevens, 389 Ill. 35, 58 N.E. 2d 456.

3) Petitioner is requesting that this court to ORDER Dallas County District clerk to produce the following documents under their 'mandatory record', on cause Nos. F10-01183 & F10-01184:

a. The arrest records,

b. The book-in sheets,

c. The arraignment sheets,

d. The trial docket sheets that shows the plea offers,

e. The first initial appearance sheets,

f. The bond location and the bond amount, and

g. The documents that show proof of the release dates of the three (3) different arrest; (1) see case No. 3:11-CV-0659-B, page ID 53. Magistrate Judge Jeff Kaplan stated that Petitioner was arrested in September of 2010 for both cases above; (2) The Judicial Information and the Criminal History Record shows, arrest date 12/17/2010; (3) The copias arrest warrants show an arrest date as Dec. 23, 2010.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this petition for writ of error is granted,

Respectfully submitted,

_Senrick Wilkerson_

SENRICK WILKERSON [PRO SE]
TDCJ NO. 1885146
Ramsey I Unit
1100 FM 655 SE-1-ST
Rosharon, TX 77583

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2014, the foregoing document has been U.S. mailed to: Fifth Court of Appeals, 600 Commerce St., Suite 200, Dallas, TX 75202 & Supreme Court of the United States, office of the Clerk, Washington DC 20543,

_Senrick Wilkerson_

SENRICK WILKERSON